Newman v. The State.

7L 617·
8L 119
1pt 449

## A. T. NEWMAN v. THE STATE.

1. CRIMINAL LAW. *Liquor. Sale. Druggist. Oath not to adulterate.* Druggists are within the terms of the act requiring all persons selling liquor to take an oath not to mix or adulterate the same, and are indictable for selling without taking such oath.

2. SAME. *Same. Physician. Prescription.* It is not the intention of the law that the safety, comfort and peace of the community shall be entrusted to physicians to be preserved or disturbed on prescription without discretion or good cause. Upon them a duty is imposed by law, which must be performed conscientiously and in good faith.

### FROM JEFFERSON.

Appeal in error from the Circuit Court of Jefferson county. J. G. ROSE, J.

KING & PARK and PICKLE & TURNER for Newman.

ATTORNEY-GENERAL LEA for the State

TURNEY, J., delivered the opinion of the court.

Newman was a regularly licensed druggist, doing business as such. Within twelve months before the finding of the indictment, upon the prescription of J. C. Cawood, he sold spirituous liquors to Clarke Taylor. Part of the prescription (a pint or quart) was made at one time, at the rate of forty cents per pint, and the balance (one drink) late on the same day. The first sale did not fill the prescription.

The defendant had not taken the oath required by the act of 1859–60, ch. 81, pp. 81–2.

It is insisted that defendant being a druggist, the act does not apply in this case.

His Honor the circuit judge charged the jury:

"The 4th section of said act provides in substance, that it shall not be lawful for any person to sell spirituous liquors in this State until such person shall first appear before the county court clerk and take and subscribe an oath not to mix or adulterate with any substance the liquors offered for sale, and give bond with surety for the payment of costs arising under prosecutions for violations of the act.

" The 6th section provides, that it shall not be so construed as to prevent druggists, physicians and persons engaged in the mechanical arts from mixing or adulterating liquors for medical or mechanical purposes.

"These two sections must be construed together so as to give full effect to each, except in so far as the 6th section qualifies the 4th. Giving this construc-

tion, the jury is instructed that druggists are embraced by the act, and required to take the oath and execute bond as prescribed. But as druggists may sell spirituous liquors on the prescription of a regular practicing physician, the 6th section permits them to mix or adulterate in any manner required by, prescription.

"This construction secures to patients unadulterated spirits in all cases where the prescription does not otherwise provide. It also secures to the physician unadulterated spirits as the basis of his prescription."

This charge is correct, and defines the purpose of the law, which the defendant failed to observe, and was properly convicted, without regard to the good faith of the physician, the patient or druggist, an element the existence of which in either of the parties we very much doubt, inclining to the opinion, from the facts in this case, that under a proper indictment either might have been convicted of a violation of the statute regulating the sale of spirituous liquors.

It is not the intention of the law that the safety, comfort and peace of the community shall be entrusted to physicians, to be preserved or disturbed on prescription without discretion or good cause. Upon them the law imposes a duty which must be performed conscientiously and in good faith.

Affirm the judgment.